UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWNDRIKA LAWRENCE,<br>        Plaintiff | CIVIL ACTION |
| VERSUS | NO.  22-3040 |
| ARTHUR LAWSON, ET AL.,<br>        Defendant | SECTION: "E" (5) |

## ORDER AND REASONS

Before the Court is Defendant Wanda Trouillier's motions to dismiss.[1] On March 7, 2023, Plaintiff Shawndrika Lawrence requested an extension of time to file an opposition to Defendant's motion to dismiss.[2] The Court granted Plaintiff's motion, ordering Plaintiff to file an opposition on or before March 28, 2023.[3] Plaintiff did not file an opposition.

## BACKGROUND

The conduct at issue in the instant litigation stems from a traffic stop conducted by officers of Jefferson Parish Sheriff's Office on April 7, 2016.[4] As a result of the April 7, 2016 traffic stop, Plaintiff was charged and convicted for possession of alprazolam and marijuana.[5] Plaintiff alleges she was sentenced to two years imprisonment as to the alprazolam charge, which was suspended, and Plaintiff was placed on five years of active supervised probation.[6] Plaintiff further alleges, as to the marijuana charge, she was sentenced to two years of active probation, to run concurrently with her five year term of

---

[1] R. Doc. 34.
[2] R. Doc. 36.
[3] R. Doc. 37.
[4] R. Doc. 10 at p. 5.
[5] *Id.* at p. 6.
[6] *Id.*

probation.[7] In May 2021, Plaintiff was served with a rule to revoke her probation.[8]Relevant to the instant motion, Judge Ellen Kovach held hearings related to the rule to revoke on August 5, 2021, October 7, 2021, and November 4, 2021.[9]

Plaintiff alleges that, in March 2022, she contacted the 24th Judicial District Court in an attempt to retrieve transcripts of the court proceedings held in front of Judge Kovach.[10] Plaintiff was instructed by the court to contact the Division K court reporter, Defendant Wanda Trouillier, in regard to the matter.[11] Plaintiff further alleges that, between March 14, 2022, and August 2022, Plaintiff received several messages from Defendant Trouillier with respect to Plaintiff's request for the transcripts.[12] Plaintiff alleges she was told on several occasions that the transcripts she sought were not in Defendant Trouillier's possession and that Defendant Trouillier would have to look for them.[13] Plaintiff avers she was told by Defendant Trouillier on one occasion that Plaintiff did not need to place the court on notice through a letter requesting the transcript, and Plaintiff instead should let an attorney request and pay for the transcripts Plaintiff was requesting.[14] On August 18, 2022, pursuant to Louisiana Public Records Law, Plaintiff requested that the Clerk of Court for the 24th J.D.C. provide her with the transcripts.[15] On August 23, 2022, Plaintiff received a voicemail from Defendant Trouillier, asking Plaintiff to return her call.[16] Plaintiff alleges she was unsuccessful in contacting Defendant

---

[7] *Id.*
[8] *Id.*
[9] *Id.* at p. 19.
[10] *Id.*
[11] *Id.*
[12] *Id.* at p. 20.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*

Trouillier as instructed.[17] Plaintiff also avers the clerk of court failed to respond to her public records request in a timely manner.[18]

On August 25, 2022, Plaintiff filed suit against Defendants Arthur Lawson, Officer Verdi, Sergeant Dawson, and City of Gretna.[19] On October 27, 2022, Plaintiff amended her complaint to add two additional Defendants—Defendant Wanda Trouillier, the Division K Court Reporter, in her individual and official capacities, and Defendant Jon A. Gegenheimer, the Jefferson Parish Clerk of Court, in his official capacity.[20]

The Court construes Plaintiff's claims for relief against Defendant Trouillier as follows: (1) lack of due process, unlawful arrest and detention, excessive force, unreasonable search and seizure, and investigation without probable cause in violation of her Fourth, Fifth, and Fourteenth Amendment rights, brought under 42 U.S.C. § 1983; (2) racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, brought under 42 U.S.C. § 1983; (3) racial discrimination in violation of Title VI of the Civil Rights Act; (4) negligent infliction of emotional distress under Louisiana law;[21] (5) negligence under Louisiana law; and (6) violations of Louisiana Public Records Law.[22]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle

---

[17] *Id.*
[18] *Id.*
[19] R. Doc. 1.
[20] R. Doc. 10 at p. 4.
[21] Plaintiff states she brings a negligent infliction of emotional distress claim under 42 U.S.C. § 1983. *Id.* However, negligent infliction of emotional distress is a claim properly brought under Louisiana tort law. Accordingly, the Court will construe it as such.
[22] *Id.* at pp. 21-30.

3

him to relief.[23]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] However, the court does not accept as true legal conclusions or mere conclusory statements,[26] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[27] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[28]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[29] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."[30] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[31]

## LAW AND ANALYSIS

### I.    Plaintiff's Claims Under 42 U.S.C. § 1983 Are Dismissed.

Plaintiff brings two 42 U.S.C. § 1983 claims against Defendant Wanda Trouiller, in both her individual and official capacities. First, Plaintiff alleges a lack of due process,

---

[23] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[25] *Id.*
[26] *Id.*
[27] *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[28] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[29] *Twombly*, 550 U.S. at 555.
[30] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[31] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

unlawful arrest and detention, excessive force, unreasonable search and seizure, and investigation without probable cause in violation of her Fourth, Fifth, and Fourteenth Amendment rights, brought under 42 U.S.C. § 1983.[32] Second, Plaintiff alleges racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, brought under 42 U.S.C. § 1983.[33]

As an initial matter, Plaintiff's complaint is devoid of any allegations of unlawful arrest, excessive force, unreasonable search and seizure, and investigation without probable cause as to Defendant Trouillier, who is not a police officer.[34] To the extent Plaintiff alleges these claims against Defendant, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court will only consider Plaintiff's Due Process Clause arising under the Fifth and Fourteenth Amendments, and Plaintiff's racial discrimination claim in violation of the Equal Protection Clause of the Fourteenth Amendment.

### a. Individual Capacity

Both of Plaintiff's § 1983 claims brought against Defendant in her individual capacity are barred by the doctrine of qualified immunity. "Qualified immunity is a defense available to government officials in their individual capacities under 42 U.S.C. § 1983."[35] "Qualified immunity is an 'immunity from suit rather than a mere defense to liability.'"[36] "Qualified immunity protects 'government officials performing discretionary functions' from liability for civil damages so long as their 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

---

[32] R. Doc. 10 at pp. 21-30.
[33] *Id.*
[34] *See generally id.*
[35] *Livingston v. Ward*, 4:20-CV-00474-SDJ-CAN, 2021 WL 3480007, at *5 (E.D. Tex. June 4, 2021).
[36] *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)).

5

known.'"[37] Specifically, "[o]fficial court reporters are entitled to qualified immunity under 42 U.S.C. § 1983 if they acted pursuant to their lawful authority and follow[ed] in good faith the instructions or rules of the Court."[38]

"In *Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity."[39] *Saucier* instructs that the Court conduct the inquiry as follows:

> First, the Court asks "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Second, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." The Court does not have to address these questions sequentially; it can proceed with either inquiry first.[40]

"Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability."[41] Therefore, "[i]n the context of a motion to dismiss, 'a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'"[42] "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[43] "If the defendant's conduct did not violate a plaintiff's constitutional rights under the first prong, or his conduct was objectively reasonable under the second prong, he is entitled to qualified immunity."[44]

---

[37] *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).
[38] *Woodall v. Texas*, 78 F. App'x 953, 954 (5th Cir. 2003).
[39] *Id.* (citing 535 U.S. 194 (2001)).
[40] *Id.* (quoting *Saucier*, 535 U.S. at 201-02) (internal citations omitted).
[41] *Id.*
[42] *Id.* at *15 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).
[43] *Id.* (quoting *Backe*, 691 F.3d at 648).
[44] *Blackwell v. Laque*, 275 F. App'x 363, 366 (5th Cir. 2008).

Mere "conclusory allegations will not suffice to prevent dismissal for failure to state a claim."[45] The Court will address each of Plaintiff's claims in turn.

Plaintiff alleges a violation of the Due Process Clause of the Fifth Amendment, made applicable to the states via the Fourteenth Amendment. "Due process can be denied by . . . an excessive delay in the furnishing of a transcription of testimony necessary for completion of an appellate record."[46] Notably, however, unlike "a convicted defendant [who] has the right to obtain a trial transcript or an alternative device that fulfills the same function as a transcript," there is no constitutional right to obtain a state court transcript when a defendant is seeking relief other than on direct appeal.[47] At the time Plaintiff requested the transcripts, Plaintiff's period of time to appeal her original convictions had long since run.[48] Likewise, in Louisiana, a criminal defendant does not ordinarily have a right of appeal from a probation revocation.[49] Accordingly, Plaintiff could not have been seeking the transcripts to pursue direct appeal.

Moreover, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss or injury to life, liberty, or property."[50] In *Madden v. Harrison County*, the United States District Court for the Southern District of Mississippi held that a plaintiff could not overcome qualified immunity where a court reporter, at most, acted negligently in failing to provide the plaintiff with a transcript.[51] In *Madden*, the plaintiff alleged the court reporter violated the Due Process Clause in refusing to

---

[45] *Penley v. Sandoval*, No. Civ.A. 4:04CV24, 2005 WL 3970822, at *6 (E.D. Tex. Mar. 8, 2005).
[46] *Madden v. Harrison Cnty.*, No. 1:08cv221-LG-JMR, 2010 WL 1238972, at *9 (S.D. Miss. Feb. 25, 2010) (quoting *Rheuark v. Shaw*, 628 F.2d 297, 302 (5th Cir. 1980)).
[47] *Murrell v. Thompson*, 71 F.3d 875, 875 (5th Cir. 1995).
[48] Plaintiff was convicted on May 31, 2017. R. Doc. 10 at p. 6. In Louisiana, a criminal defendant has thirty days to appeal a conviction. LA. CODE OF CRIM. PROC. art 914. Plaintiff did not begin seeking transcripts until March 2022. R. Doc. 10 at p. 19. Accordingly, Plaintiff could not have been seeking the transcripts for direct appeal.
[49] *State v. Allen*, 794 So. 2d 25, 32 (La. App. 4 Cir. 2001).
[50] *Madden*, No. 1:08cv221-LG-JMR, 2010 WL 1238972, at *13.
[51] *Id.*

provide him with a transcript where he had not provided payment to the court reporter.[52] The Court stated that a judge had not ordered the transcript, nor was an appeal of the plaintiff's conviction pending, and therefore, the plaintiff was not entitled to receive a transcript without paying the court reporter.[53] Moreover, even if the court reporter was negligent and mishandled the plaintiff's payment, of which there was no evidence, the *Madden* court held that such negligence by itself is insufficient to support the plaintiff's § 1983 claims.[54] Seeing as Plaintiff had no constitutional right to obtain the state court transcripts, and mere negligence on behalf of a court reporter is insufficient to implicate the Due Process Clause, Plaintiff has failed to carry her burden of overcoming the doctrine of qualified immunity. Accordingly, Plaintiff's due process violation claim is dismissed.

Plaintiff also alleges Defendant Trouillier discriminated against her in violation of the Equal Protection Clause of the Fourteenth Amendment. "[I]t is clearly established that the Equal Protection Clause of the Fourteenth Amendment prohibits intentional racial discrimination."[55] "Thus, the Court's analysis of whether the individual Defendant[] in this case [is] entitled to qualified immunity turns on whether the Plaintiff has established the requisite constitutional violation, specifically whether she has stated a claim for intentional race discrimination."[56] "To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'"[57] "To establish

---

[52] *Id.*
[53] *Id.*
[54] *Id.*
[55] *Pree v. Washington Cnty. Bd. of Supervisors*, No. 4:16-CV-122-SA-RP, 2017 WL 473906, at *3 (N.D. Miss. Feb. 3, 2017).
[56] *Id.*
[57] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004).

discriminatory intent, a plaintiff must show 'that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group.'"[58] "Allegations of discriminatory intent that are merely conclusory, without reference to specific facts, will not suffice."[59]

As to Plaintiff's claim for racial discrimination, Plaintiff alleges only that "all Defendants['] . . . actions and/or lack of action before, during and after the acts and omissions arising out of this civil action causing injuries to Plaintiff, a Black Female[,] align with Jefferson Parish['s] extensive racially discriminatory conduct toward Black individuals."[60] Through Plaintiff's allegations, Plaintiff seems to suggest that Defendant Trouillier failed to provide her with a transcript because Plaintiff is a Black woman. Plaintiff's complaint is devoid of allegations that the treatment Plaintiff received by Defendant Trouillier was different from similarly situated individuals outside of the protected class. Likewise, her complaint fails to provide any facts that support a prima facie case of discriminatory intent. The mere fact that Plaintiff and Defendant Trouillier communicated over a course of months about transcripts, for which Plaintiff never provided payment, does not amount to evidence of discriminatory intent. Plaintiff's conclusory allegations of discriminatory intent are insufficient. Accordingly, Plaintiff has failed to overcome qualified immunity as to her racial discrimination claim against Defendant Trouillier.

### b. Official Capacity

Plaintiff's § 1983 claims against Defendant, in her official capacity, are barred by

---

[58] *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)).
[59] *Id.* (quoting *Taylor*, 257 F.3d at 473).
[60] R. Doc 10 at p. 28.

the Eleventh Amendment. "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."[61] "As an exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment."[62] "Congress has not expressly waived sovereign immunity for § 1983 suits."[63] "While Louisiana may have waived sovereign immunity with respect to some claims [in tort and contract], La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system."[64] "Suits against state officials in their official capacity . . . should be treated as suits against the State."[65]

In this case, Plaintiff's claims for damages under Section 1983 against Defendant Trouillier, in her official capacity, are treated as claims against the State of Louisiana. Because Congress has not waived the states' sovereign immunity with respect to Section 1983 claims and because Louisiana has not waived its sovereign immunity either, Plaintiff's claims § 1983 against Defendant Trouillier, in her official capacity, is barred by the Eleventh Amendment.

## II.    Plaintiff's Title VI Claim Is Dismissed.

As to Plaintiff's Title VI discrimination claim against Defendant Trouillier, Plaintiff has failed to state a claim upon which relief could be granted. "Title VI requires that the public bodies or private entities receiving the benefits of any such loan refrain from racial discrimination."[66] Implicit in this requirement is the rule that "only public and private

---

[61] *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 35 (2012).
[62] *Id.*
[63] *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (first citing *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979); and then citing *Voisin's Oyster House Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986)).
[64] *Holliday v. Bd. Of Supervisors of LSU Agric. & Mech. Coll.*, No. 2014-0585, at pp. 2-3 (La. 10/15/14); 149 So. 3d 227, 228-29.
[65] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).
[66] *Price ex rel. Price v. La. Dept. of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) (quoting *United States v. Baylor Univ. Med. Ctr.*, 736 F.2d 1039, 1044 n.9 (5th Cir. 1984)).

entities can be held liable under Title VI."[67] Simply put, [i]t is beyond question that individuals are not liable under Title VI."[68] Plaintiff sues Defendant, an individual, under Title VI. Accordingly, Plaintiff's Title VI discrimination claim fails as a matter of law.

## III.    Plaintiff's State Law Claims Are Dismissed.

Plaintiff also asserts various state law claims against Defendant Trouillier—namely intentional infliction of emotional distress and negligence. Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. "It is well settled that unless the doctrine of pendent jurisdiction is applicable, each plaintiff must have an independent basis for federal jurisdiction for each claim against each defendant, due to the fact that, if the jurisdictional requirements are found lacking, the non-federal claim must be dismissed."[69] District courts have discretion not to exercise supplemental jurisdiction over a claim when all claims over which the court had original jurisdiction have been dismissed.[70] Although the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims" under such circumstances, the "rule is neither mandatory nor absolute."[71] Rather, a court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[72] Having considered the applicable law, the complexity of Plaintiff's remaining state law claims, and the fact that the trial of this matter has not yet been set, the Court declines to exercise supplemental jurisdiction over these claims and dismisses Plaintiff's remaining state law claims without prejudice.[73]

---

[67] *Id.*
[68] *Id.* (quoting *Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003)).
[69] *Lawes v. Nutter*, 292 F. Supp. 890, 890-91 (5th Cir. 1968).
[70] 42 U.S.C. § 1367(c)(3).
[71] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)).
[72] *Id.* (citations omitted).
[73] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

## CONCLUSION

**IT IS ORDERED** that the motions to dismiss filed by Defendant Wanda Trouillier is **GRANTED**. Plaintiff's state law claims against Defendant Wanda Trouillier are dismissed without prejudice. Plaintiff's § 1983 claims against Defendant Wanda Trouillier, in her official capacity, are dismissed without prejudice. Plaintiff's remaining federal law claims against Defendant Wanda Trouillier are dismissed with prejudice.

**New Orleans, Louisiana, this 17th day of April, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").