UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWNDRIKA LAWRENCE,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 22-3040 |
| ARTHUR LAWSON, ET AL.,<br>    Defendant | SECTION: "E" (5) |

## ORDER AND REASONS

Before the Court is Defendant Jon A. Gegenheimer's motion to dismiss.[1] On March 21, 2023, Plaintiff Shawndrika Lawrence requested an extension of time to file an opposition to Defendant's motion to dismiss.[2] The Court granted Plaintiff's motion, ordering Plaintiff to file an opposition on or before April 4, 2023.[3] Plaintiff did not file an opposition.

## BACKGROUND

The instant litigation stems from a traffic stop conducted by officers of Jefferson Parish Sheriff's Office on April 7, 2016.[4] As a result of the traffic stop, Plaintiff was charged and convicted for possession of alprazolam and marijuana.[5] Plaintiff alleges she was sentenced to two years imprisonment as to the alprazolam charge, which was suspended, and Plaintiff was placed on five years of active supervised probation.[6] Plaintiff further alleges, as to the marijuana charge, she was sentenced to two years of active probation, to run concurrently with her five year term of probation.[7] In May 2021, Plaintiff was served

---

[1] R. Doc. 35.
[2] R. Doc. 38.
[3] R. Doc. 39.
[4] R. Doc. 10 at p. 5.
[5] *Id.* at p. 6.
[6] *Id.*
[7] *Id.*

1

with a rule to revoke her probation.[8] Relevant to the instant motion, Judge Ellen Kovach held hearings in connection with the rule to revoke on August 5, 2021, October 7, 2021, and November 4, 2021.[9]

Plaintiff alleges that, in March 2022, she contacted the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, in an attempt to retrieve transcripts of the revocation hearings held before Judge Kovach.[10] Plaintiff alleges she was instructed by the court to contact the Division K court reporter, Defendant Wanda Trouillier, in regard to the matter.[11] Plaintiff further alleges that, between March 14, 2022, and August 2022, Plaintiff received several messages from Defendant Trouillier with respect to Plaintiff's request for the transcripts.[12] Plaintiff alleges she was told on several occasions that the transcripts she sought were not in Defendant Trouillier's possession and that Defendant Trouillier would have to look for them.[13] Plaintiff avers she was told by Defendant Trouillier on one occasion that Plaintiff did not need to place the court on notice through a letter requesting the transcript, and Plaintiff instead should let an attorney request and pay for the transcripts Plaintiff was requesting.[14] On August 18, 2022, pursuant to Louisiana Public Records Law, Plaintiff requested that Defendant Jon A. Gegenheimer, the Clerk of Court for the 24th J.D.C., provide her with the transcripts.[15] On August 23, 2022, Plaintiff received a voicemail from Defendant Trouillier, asking Plaintiff to return her call.[16] Plaintiff alleges she was unsuccessful in contacting Defendant Trouillier as

---

[8] *Id.*
[9] *Id.* at p. 19.
[10] *Id.*
[11] *Id.*
[12] *Id.* at p. 20.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*

2

instructed.[17] Plaintiff also avers the Defendant Gegenheimer failed to respond to her public records request in a timely manner.[18]

On August 25, 2022, Plaintiff filed the instant suit against Defendants Arthur Lawson, Officer Verdi, Sergeant Dawson, and City of Gretna.[19] On October 27, 2022, Plaintiff amended her complaint to add two additional Defendants—Defendant Wanda Trouillier, the Division K Court Reporter, in her individual and official capacities, and Defendant Jon A. Gegenheimer, the Jefferson Parish Clerk of Court, in his official capacity.[20]

The Court construes Plaintiff's claims for relief against Defendant Gegenheimer as follows: (1) deprivation of due process, unlawful arrest and detention, excessive force, unreasonable search and seizure, and investigation without probable cause in violation of her Fourth, Fifth, and Fourteenth Amendment rights, brought under 42 U.S.C. § 1983; (2) racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, brought under 42 U.S.C. § 1983; (3) racial discrimination in violation of Title VI of the Civil Rights Act; (4) negligent infliction of emotional distress under Louisiana law;[21] (5) negligence under Louisiana law; (6) intentional infliction of emotional distress under Louisiana law;[22] (7) vicarious liability; and (8) violations of Louisiana Public Records Law.[23] Defendant Gegenheimer moves to dismiss each of Plaintiff's claims against him.[24]

---

[17] *Id.*
[18] *Id.*
[19] R. Doc. 1.
[20] R. Doc. 10 at p. 4.
[21] Plaintiff states she brings a negligent infliction of emotional distress claim under 42 U.S.C. § 1983. *Id.* However, negligent infliction of emotional distress is a claim properly brought under Louisiana tort law. Accordingly, the Court will construe it as such.
[22] Plaintiff names this claim as "outrageous conduct." *Id.* at p. 25-26.
[23] *Id.* at pp. 21-30.
[24] R. Doc. 35.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[25] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] However, the court does not accept as true legal conclusions or mere conclusory statements,[28] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[29] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[30]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[31] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."[32] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[33]

---

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[27] *Id.*
[28] *Id.*
[29] *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[30] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[31] *Twombly*, 550 U.S. at 555.
[32] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[33] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## LAW AND ANALYSIS

**I.     Plaintiff's Claims Under 42 U.S.C. § 1983 Are Dismissed.**

Plaintiff has failed to state a § 1983 claim against Defendant Gegenheimer. Plaintiff alleges Defendant Gegenheimer violated her Fourth, Fifth, and Fourteenth Amendment Rights. Specifically, Plaintiff alleges, under the Fourth Amendment, claims for unlawful arrest and detention, excessive force, unreasonable search and seizure, and investigation without probable cause. Plaintiff alleges, under the Fifth and Fourteenth Amendments, a violation of due process. Finally, under the Fourteenth Amendment, Plaintiff alleges racial discrimination in violation of the Equal Protection Clause. Plaintiff's complaint is devoid of any allegations of unlawful arrest, excessive force, unreasonable search and seizure, and investigation without probable cause as to Defendant Gegenheimer, who is not a police officer.[34] To the extent Plaintiff alleges these claims against Defendant, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court will only consider Plaintiff's Due Process Clause arising under the Fifth and Fourteenth Amendments, and Plaintiff's racial discrimination claim in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff alleges a violation of the Due Process Clause of the Fifth Amendment, made applicable to the states via the Fourteenth Amendment. The Court construes this as an argument that Defendant Gegenheimer violated Plaintiff's due process rights when he did not provide Plaintiff with the requested transcripts, pursuant to Louisiana Public Records Law. However, "a failure to honor a public records request is a violation of state law only and does not implicate any federal constitutional or statutory rights" cognizable

---

[34] *See generally* R. Doc. 10.

5

under § 1983.[35] Therefore, any such claim must be brought under state law, rather than under § 1983. Accordingly, Plaintiff's due process violation claim against Defendant Gegenheimer is dismissed.

Plaintiff also alleges Defendant Gegenheimer discriminated against her in violation of the Equal Protection Clause of the Fourteenth Amendment. "To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'"[36] "To establish discriminatory intent, a plaintiff must show 'that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group.'"[37] "Allegations of discriminatory intent that are merely conclusory, without reference to specific facts, will not suffice."[38]

As to Plaintiff's claim for racial discrimination, Plaintiff alleges only that "all Defendants['] . . . actions and/or lack of action before, during and after the acts and omissions arising out of this civil action causing injuries to Plaintiff, a Black Female[,] align with Jefferson Parish['s] extensive racially discriminatory conduct toward Black individuals."[39] Through Plaintiff's allegations, Plaintiff seems to suggest that Defendant Gegenheimer failed to provide her with a transcript because Plaintiff is a Black woman. Plaintiff's complaint is devoid of allegations that the treatment Plaintiff received by Defendant Gegenheimer was different from similarly situated individuals outside of the

---

[35] *Lewis v. Jackson*, No. 14-0468-JWD-EWD, 2016 WL 1103904, at *4 (M.D. La. Mar. 1, 2016).
[36] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004).
[37] *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)).
[38] *Id.* (quoting *Taylor*, 257 F.3d at 473).
[39] R. Doc 10 at p. 28.

6

protected class. Likewise, her complaint fails to provide any facts that support a prima facie case of discriminatory intent. The mere fact that Defendant Gegenheimer did not fulfill Plaintiff's public records request does not amount to evidence of discriminatory intent. Plaintiff's conclusory allegations of discriminatory intent are insufficient. Accordingly, Plaintiff has failed to state a racial discrimination claim against Defendant Gegenheimer.

Finally, to the extent Plaintiff alleges Defendant Gegenheimer is vicariously liable for actions of Defendant Trouillier or other court employees, this argument fails as a matter of law. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."[40] "A supervisory official may be held liable only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."[41] Likewise, Plaintiff has not alleged facts that suggest Defendant Gegenheimer participated in any wrongdoing nor implemented unconstitutional policies.[42] Accordingly, Plaintiff's § 1983 claims against Defendant Gegenheimer are dismissed with prejudice.

## II.    Plaintiff's Title VI Claim is Dismissed.

As to Plaintiff's Title VI discrimination claim against Defendant Gegenheimer, Plaintiff has failed to state a claim upon which relief could be granted. "Title VI requires that the public bodies or private entities receiving the benefits of any such loan refrain from racial discrimination."[43] Implicit in this requirement is the rule that "only public and

---

[40] *Marceaux v. Lafayette City-Parish Consol. Gov.*, 921 F. Supp. 2d 605, 622 (W.D. La. Jan. 30, 2013).
[41] *Id.*
[42] *See* R. Doc. 10.
[43] *Price ex rel. Price v. La. Dept. of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) (quoting *United States v. Baylor Univ. Med. Ctr.*, 736 F.2d 1039, 1044 n.9 (5th Cir. 1984)).

Case 2:22-cv-03040-SM-MBN   Document 46   Filed 04/18/23   Page 8 of 9

private entities can be held liable under Title VI."[44] Simply put, [i]t is beyond question that individuals are not liable under Title VI."[45] Plaintiff sues Defendant, an individual, under Title VI.[46] Accordingly, Plaintiff's Title VI discrimination claim fails as a matter of law.[47]

### III.  Plaintiff's State Law Claims Are Dismissed.

Plaintiff also asserts various state law claims against Defendant Gegenheimer—namely negligent infliction of emotional distress, intentional infliction of emotional distress, negligence, and violations of Louisiana's Public Records Law. Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. "It is well settled that unless the doctrine of pendent jurisdiction is applicable, each plaintiff must have an independent basis for federal jurisdiction for each claim against each defendant, due to the fact that, if the jurisdictional requirements are found lacking, the non-federal claim must be dismissed."[48] District courts have discretion not to exercise supplemental jurisdiction over a claim when all claims over which the court had original jurisdiction have been dismissed.[49] Although the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims" under such circumstances, the "rule is neither

---

[44] *Id.*
[45] *Id.* (quoting *Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003)).
[46] *See Cox v. Scott Cnty. Sch. Dist.*, 2021 WL 1207718, at *5 n.6 (S.D. Miss. Mar. 30, 2021) (noting the Fifth Circuit has not addressed the issue); *TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 594 ("[T]he Court concludes that no claim may be maintained against an individual under Title VI even in his official capacity."); *Karlen v, Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 302 (D. Conn. 2009) ("Although there is no consensus in this Circuit, it seems unlikely that a claim can be stated against an individual defendant sued in her official capacity for violation of Title VI, as the individual does not receive Federal funding).
[47] Even if Plaintiff could bring suit against Defendant Gegenheimer in his official capacity, Plaintiff has failed to state a claim. "To state a claim for damages under Title VI, a private litigant must, among other things, 'plead facts in support of intentional discrimination.'" *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 627 (N.D. Tex. 2017). "A complaint that does not set forth 'specific allegations of acts that were taken with discriminatory intent' does not state a claim for Title VI violations." *Id.* Plaintiff's complaint is devoid of any allegations of intentional discrimination by Defendant Gegenheimer. R. Doc. 10. Accordingly, Plaintiff's Title VI claim fails on the merits.
[48] *Lawes v. Nutter*, 292 F. Supp. 890, 890-91 (5th Cir. 1968).
[49] 42 U.S.C. § 1367(c)(3).

8

mandatory nor absolute."[50] Rather, a court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[51] Having considered the applicable law, the complexity of Plaintiff's remaining state law claims, and the fact that the trial of this matter has not yet been set, the Court declines to exercise supplemental jurisdiction over these claims and dismisses Plaintiff's remaining state law claims without prejudice.[52]

## CONCLUSION

**IT IS ORDERED** that the motion to dismiss filed by Defendant Jon A. Gegenheimer is **GRANTED**. Plaintiff's state law claims against Defendant Jon A. Gegenheimer are dismissed without prejudice. Plaintiff's federal law claims against Defendant Jon A. Gegenheimer are dismissed with prejudice.

**New Orleans, Louisiana, this 18th day of April, 2023.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[50] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)).
[51] *Id.* (citations omitted).
[52] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").